UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                           Plaintiff,

      -against-

A & F FIRE PROTECTION CO., INC.,

                         Defendant.
-------------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
CV 17-4745 (DRH)(ARL)

**LINDSAY, Magistrate Judge:**

Before the Court is the Plaintiff U.S. Equal Employment Opportunity Commission's

("EEOC" or "Plaintiff") motion to strike certain of the A & F Fire Protection Co., Inc.'s

("Defendant") affirmative defenses pursuant to Fed R. Civ. P. 12(f), on referral from District

Judge Hurley.  Defendant opposes the motion.  For the reasons set forth below, the undersigned

recommends that Plaintiff's motion be denied.

## BACKGROUND

Following an investigation of four separate charges of discrimination, on August 14,

2017, Plaintiff commenced this action against Defendant to correct and redress alleged

discrimination in the workplace.  The Complaint alleges various unlawful

employment practices based upon race and national origin as well as claims of a hostile work

environment.  On October 17, 2017, Defendant filed an answer to the Complaint and asserted

sixteen affirmative defenses, including the following:[1]

---

[1]  According to Plaintiff, Defendant has agreed to withdraw the fourteenth and the sixteenth
affirmative defenses, which provide as follows:  fourteenth affirmative defense: "A class action
cannot be certified because complainant and the putative class fail to meet the criteria set forth in

2

SECOND AFFIRMATIVE DEFENSE:

The complaint is barred, in whole or in part, by the applicable statute of limitations and/or administrative filing periods.  ECF No. 14, p.10, ¶ 23.

THIRD AFFIRMATIVE DEFENSE:

The complaint is barred, in whole or in part, by the failure to exhaust all administrative remedies, and/or to perform all conditions precedent to suit, including but not limited to conciliating in good faith the allegations at issue herein pursuant to Tile [sic] VII . . .. *Id.*, p.10, ¶ 24.

SEVENTH AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent the allegations contained in the Complaint exceed the scope of the underlying charge(s) of discrimination and/or Complainants failed to timely and properly file charges themselves. *Id.*, p.11, ¶ 28.

EIGHTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the Complaint, Defendant acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Complainants were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons.  *Id.*, p.11, ¶ 29.

NINTH AFFIRMATIVE DEFENSE:

All decisions made by Defendant with respect to Complainants and all actions taken with respect to their employment were made without malice, ill will, fraud, oppression or any other improper motive. *Id.*, p.11, ¶ 30.

TENTH AFFIRMATIVE DEFENSE:

Plaintiff cannot establish a prima facia case of discrimination, retaliation, hostile work environment, or constructive discharge under any of the statutes identified in the Complaint. *Id.*, p.11 ¶ 31.

TWELFTH AFFIRMATIVE DEFENSE:

---

Rule 23 if the Federal Rules of Civil Procedure." And, the sixteenth affirmative defense: "Any and all of the Plaintiff's claims on behalf of Complainant Nunez are barred due to his release of any claims against Defendants."

3

> Complainants' claims of hostile work environment must be dismissed, because assuming arguendo the purported conduct complained of occurred, Complainants were not subject to treatment less favorable than that of other employees due to their membership in any protected class.  *Id.*, p.11 ¶ 33.

> FIFTEENTH AFFIRMATIVE DEFENSE:

> Complainants are not entitled to prejudgment and/or post-judgment interest, liquidated damages, or attorneys' fees.  *Id.*, p.11 ¶ 36.

Plaintiff contends the second affirmative defense should be stricken because it is legally and factually insufficient since timely charges were filed with the EEOC and there is no statute of limitations applicable to Title VII claims brought by the EEOC.  Plaintiff's Memorandum of Law in Support of its Motion to Strike Certain Affirmative Defenses ("Pl. Mem.") at 5.  Plaintiff argues that the third affirmative defense must be stricken because a failure to conciliate in good faith is not a defense to a Title VII action.  *Id.* at 6.  With respect to the seventh affirmative defense, Plaintiff suggests it should be stricken because it is vague and conclusory.  *Id.* at 12. Finally, according to Plaintiff, the remaining five affirmative defenses listed above are redundant and not affirmative defenses at all.  *Id.* at 13.

In opposition, Defendant argues that there is a set of facts that could be proven in support of each of the defenses.  With respect to their second affirmative defense, Defendant argues that "it is utterly unknown whether the EEOC will attempt to base any claim(s) on any acts and/or omissions that allegedly occurred prior to 300 days before the filing of the earliest Charge of Discrimination."  Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Certain Affirmative Defenses ("Def. Mem.") at 4.  Defendant further argues that the third affirmative defense, is necessary to preserve Defendant's right to move to dismiss or for summary judgment if it becomes apparent through discovery that Plaintiff failed to conciliate in

4

good faith prior to the lawsuit.  *Id*. at 5.  Defendant contends that Plaintiff's position regarding

the seventh affirmative defense is simply wrong as a matter of law, *id.* at 10, and that their eighth

through twelfth and fifteenth affirmative defenses are legally sufficient, and that Plaintiff has not

demonstrated that it will be prejudiced if the defenses are not stricken.  *Id.* at 11.

## DISCUSSION

Motions to strike affirmative defenses are governed by Rule 12(f) of the Federal Rules of

Civil Procedure, which provides, in pertinent part, that a "court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R.

Civ. P. 12(f).  Although courts are given discretion to resolve Rule 12(f) motions, as a general

rule motions to strike affirmative defenses are "disfavored and should not be granted unless there

are strong reasons for doing so." *Ellis v. Cygnus Enterprises, LLC*, No. 11-CV-771, 2012 WL

259913, at *2 (E.D.N.Y. Jan. 3, 2012), *report and recommendation adopted*, No. 11-CV-0771,

2012 WL 259910 (E.D.N.Y. Jan. 27, 2012) (citing *Salcer v. Envicon Equities Corp.*, 744 F.2d

935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015, 106 S. Ct. 3324, 92 L. Ed.2 d

731 (1986)).  "In order for a court to strike a defense as insufficient: '(1) there must be no

question of fact that might allow the defense to succeed; (2) there must be no substantial question

of law that might allow the defense to succeed; *and* (3) the plaintiff must be prejudiced by the

inclusion of the defense.'" *Id.* (quoting *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425

(S.D.N.Y.2010) (emphasis added)); *see also EEOC v. AZ Metro Distribs., LLC,* 272 F. Supp. 3d

336, 339 (E.D.N.Y. 2017).  Accordingly, even if the defense is factually insufficient, the court

must still determine whether its inclusion would prejudice the plaintiffs.  *Id.*  With these

standards in mind, the Court turns to Plaintiff's arguments.

5

### 1. Second Affirmative Defense

To begin with, Plaintiff contends that the second affirmative defense must be stricken because, as a matter of law there is no portion of the complaint that can be barred by any statute of limitations.  In the Complaint, Plaintiff asserts claims for hostile work environment and unlawful employment practices, including termination and constructive termination.  ECF No. 1, ¶¶17, 18.

Discrete acts of discrimination, such as termination, must have occurred within 300 days of the date a charge was filed in order to be actionable.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Cherosky v. Henderson*, 330 F.3d 1243, 1245-46 (9th Cir. 2003) ("Morgan makes clear that claims based on discrete acts are only timely where such acts occurred within the limitations period.").  "[C]ourts in this circuit have treated the 300-day filing period as a statute of limitations that, although does not limit the EEOC's ability to bring a suit, restricts the scope of the charges that can be brought by the EEOC." *EEOC v. UPS*, 15 CV 4141(MKB), 2017 U.S. Dist. LEXIS 34929 at *45 (E.D.N.Y. Mar. 9, 2017), *report and recommendation adopted in part, rejected in part,* 2017 U.S. Dist. LEXIS 101564 (E.D.N.Y. June 29, 2017); *EEOC v. Freeman*, No. RWT 09cv2573, 2010 U.S. Dist. LEXIS 41336, 2010 WL 1728847 (D. Md. Apr. 26, 2010) ("Title VII precludes recovery for discrete acts of discrimination that occur outside the applicable statutory charge-filing period").

"Hostile environment claims are different in kind from discrete acts.  Their very nature involves repeated conduct." *Morgan*, 536 U.S. at 117.  Because a hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful

6

employment practice, a hostile work environment claim will be timely so long as "one act contributing to claim occurred within the statutory period; if it did, 'the entire time period of the hostile environment may be considered by a court for purposes of determining liability.'" *Sundram v. Brookhaven Nat'l Labs.,*, 424 F. Supp.2d 545, 560 (E.D.N.Y. 2006) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) (quoting *Morgan*, 536 U.S. at 117)); *Ruhling v. Tribune Co.*, CV 04-2430 (ARL), 2007 U.S. Dist. LEXIS 116, 2007 WL 28283 (E.D.N.Y. Jan. 3, 2007); s*ee also EEOC v. Kelly Drye & Warren, LLP,* No. 10 Civ. 655 (LTS)(MHD), 2011 U.S. Dist. LEXIS 80667 (S.D.N.Y. July 25, 2011) (striking defendant's statute of limitations affirmative defense "because no statute of limitations restricts the EEOC's prosecuting this ADEA action").

Because the EEOC here asserts claims based upon discrete acts as well as a hostile work environment, the Court respectfully recommends Plaintiff's motion to strike Defendant's affirmative defense be denied because there are questions of law and fact which would allow this defense to proceed with respect to Plaintiff's unlawful employment practices claim.

**2. Third Affirmative Defense**

Plaintiff moves to strike Defendant's third affirmative defense (failure to conciliate in good faith) because the scope of judicial review of the EEOC's prelitigation conciliation effort is limited and there is no good faith negotiation requirement.  Pl. Mem. at 10.  Defendant counters that it was "provided absolutely no opportunity by Plaintiff to engage in meaningful and productive conciliation process."  Def. Mem. at 7-8.

In *Mach Mining, LLC v. E.E.O.C.,* 135 S. Ct. 1645, 1649, 191 L. Ed. 2d 607 (2015) the Supreme Court identified two specific requirements that the court should consider in determining

7

whether the EEOC has fulfilled its pre-suit administrative obligations.  First, the EEOC must

"inform the employer about the specific allegation[.]" *Id*. at 1655.  Such notice should

"describe[] both what the employer has done and which employees (or what class of employees)

have suffered as a result[.]" *Id*. at 1656.  Second, the EEOC must "try to engage the employer in

some form of discussion (whether written or oral), so as to give the employer an opportunity to

remedy the allegedly discriminatory practice." *Id*.  "Judicial review of those requirements (and

nothing else) ensures that the Commission complies with the statute." *Id*.  "A sworn affidavit

from the EEOC stating that it has performed the obligations . . . but that its efforts have failed

will usually suffice to show that it has met the conciliation requirement." *Id*.

Following the Supreme Court's determination in *Mach Mining*,  the Second Circuit held

that, "[b]efore the EEOC may bring an enforcement action under Title VII, it must: (1) receive a

formal charge of discrimination against the employer; (2) provide notice of the charge to the

employer; (3) investigate the charge; (4) make and give notice of its determination that there was

reasonable cause to believe that a violation of Title VII occurred; and (5) make a good faith

effort to conciliate the charges." *EEOC v. Sterling Jewelers, Inc.*, 801 F.3d 96, 100 (2d Cir.

2015) (citing 42 U.S.C. § 2000e-5(b)), *cert. denied*, 137 S. Ct. 47, 196 L. Ed. 2d 29 (2016).

In this action, in support of its motion to strike, the EEOC has submitted the Declaration

of Rosemary DiSavino dated January 17, 2018 ("DiSavino Decl.").  Attached to DiSavino Decl.

are four Letters of Determination issued by the EEOC, identifying the charging party and setting

forth the conduct complained of and the parties suffering from it.  ECF No. 28, Exh. 2.  This is

sufficient to satisfy the first prong of the standard set forth in *Mach Mining*.  *See, e.g., United

States EEOC v. MVM, Inc.*, No. TDC-17-2881, 2018 U.S. Dist. LEXIS 66217 at * 10, 2018 WL

8

1882715 (D. Md. Apr. 19, 2018) (submitting Letters of Determination setting forth charging

employees and charges asserted against employer satisfies the first prong of *Mach Mining*

standard).

With regard to the second line of inquiry, Plaintiff argues that Defendant does not dispute

"that the EEOC engaged in communications allowing Defendant an opportunity to remedy the

discrimination." Pl. Mem. at 6.  Defendant does challenge this assertion.  Defendant argues it

was denied the opportunity by Plaintiff to engage in "meaningful and productive conciliation."[2]

Def. Mem. at 7-8.  Pursuant to *Mach Mining*, this court should not assess "strategic decisions

[such] as whether to make a bare-minimum offer, to lay all its cards on the table, or to respond to

... counter-offers." *Mach Mining* at 1654.  Plaintiff has "discretion over the pace and duration of

conciliation efforts, the plasticity or firmness of its negotiating positions, and the content of its

demands for relief." *Id.*

However, according to the Supreme Court in *Mach Mining*, for the EEOC to prove that it

satisfied the necessary conciliation prerequisite, "[a] sworn affidavit from the EEOC stating that

it has performed the obligations noted above but that its efforts have failed will usually suffice . .

.." *Id*. at 1656.  Then, "[i]f . . . the employer provides credible evidence of its own, in the form of

an affidavit or otherwise, indicating that the EEOC did not . . . attempt to engage in a discussion

---

[2] Defendant also argues that "where the EEOC wholly failed to exercise its duty to conciliate as
contemplated by the statute . . . Plaintiff simply does not have jurisdiction to pursue this matter."  This contention
has been rejected by several courts.  *See, e.g., United States EEOC v. MJC, Inc.*, 306 F. Supp. 3d 1204, 1210 (D.
Hawaii 2018) ("This court concludes that this conciliation requirement is not 'jurisdictional'; that is, a federal court
is not required to dismiss an ADA action for lack of subject matter jurisdiction whenever the EEOC fails to satisfy
this obligation prior to filing suit."); *EEOC v. FedEx Ground Package Sys.*, No. 2:15-cv-00256, 2018 U.S. Dist.
LEXIS 155253 at *22, 2018 WL 4350249 (W.D. Pa. Sept. 12, 2018) ("The Court joins the prevailing view that,
certainly since the decision in [*Mach Mining*, 135 S. Ct. 1645], the obligation of the EEOC to engage in conciliation
does not go to the district court's subject matter jurisdiction").

9

about conciliating the claim, a court must conduct the factfinding necessary to decide that limited

dispute." *Id*. at 1656.  In *EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517 (D. Md.

May 27, 2016) the court held that the Supreme Court had "explicitly rejected imposing a good

faith negotiation requirement on the EEOC" and noted that an affidavit stating that the EEOC

"engaged in communications with [Defendant] to provide [Defendant] with the opportunity to

remedy the discriminatory practices described in the [l]etter . . . , including sending Defendant a

conciliation proposal" was sufficient to satisfy the standard announced in *Mach Mining*.  *Id*. at

522; *see also MVM, Inc*., 2018 U.S. Dist. LEXIS 66217 at 10 (affidavit of Defendant stating that

EEOC presented a conciliation proposal for the final resolution of the matter and that Defendant

responded to that letter satisfied the second prong of Title VII's conciliation requirement).

Here, while the EEOC did provide an affidavit attaching the Letters of Determination,

thereby satisfying the first prong of the standard set forth in *Mach Mining*, the affidavit nowhere

mentions that the EEOC has performed its obligations with regard to conciliation.  In the

Complaint, Plaintiff alleges that it engaged in communications with Defendant to provide an

opportunity to remedy the discriminatory practices and was unable to secure from Defendant a

conciliation agreement acceptable to the EEOC.  ECF. No. 1, ¶¶ 11-14.  Under controlling case

law, this unsupported allegation is not enough.  Plaintiff is required to submit a sworn statement

to that affect.  Accordingly, the Court respectfully recommends that Plaintiff's motion to strike

affirmative defense be denied.  *Accord EEOC v. Frontier Hot-Dip Galvanizing, Inc.,* No. 16-CV-

0691V(Sr), 2017 U.S. Dist. LEXIS 208632 (W.D.N.Y.  Dec. 18, 2017) ("Although the EEOC is

correct that the district court will not review the substance of conciliation discussions, it has

failed to establish that there is no factual or legal issue regarding its compliance with its

10

obligations under 42 U.S.C. § 2000e-5(b) or that discovery with respect to those obligations

would be prejudicial. Accordingly, it is recommended that the motion to dismiss these

affirmative defenses be denied").[3]

### 3. **Seventh Affirmative Defense**

Plaintiff argues that Defendant's Seventh Affirmative Defense (failure to exhaust

administrative remedies) should be stricken because it is so vague and conclusory the EECO has

not been given sufficient notice of the purported defense.  Pl. Mem. at 12.  According to

Plaintiff, to the extent this affirmative defense is based upon the proposition that the EEOC is

limited to the claims presented by the charging parties, it is incorrect as a matter of law.  *Id*.

Defendant contends that this affirmative defense is valid because any additional practices or

victims must have been uncovered during the course of the investigation.  Def. Mem. at 10.

Generally, "the burden of pleading and proving [lack of] Title VII exhaustion lies with

defendants and operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*,

879 F.3d 486, 491 (2d Cir. 2018); *Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 U.S. Dist.

LEXIS 11109, 2009 WL 377334, at *2 (N.D. Ill. Feb. 11, 2009) ("[a] plaintiff's failure to exhaust

administrative remedies is an affirmative defense in a Title VII case").  Here, however,

Defendant's affirmative defense specifies that Plaintiff failed to exhaust administrative remedies

to the extent the allegations in the Complaint exceed the scope of the underlying charges.  In this

context, "the content of an individual employee's charge does not limit the scope of a lawsuit

---

[3] The Court has reviewed Defendant's letter filed on March 19, 2018, requesting a conference to decide whether
Plaintiff satisfied its conciliation requirement prior to commencing the instant lawsuit, and Plaintiff's response
thereto.  The substance of the EEOC's communications regarding conciliation must remain confidential pursuant to
§ 2000e-5(b), and this Court's review is limited to the barebones review described above.  Accordingly, Defendant's
request is denied.

11

brought by the EEOC in an enforcement capacity," *EEOC v. Frontier Hot-Dip Galvanizing, Inc.,* 16-CV-0691V(Sr), 2017 U.S. Dist. LEXIS 208632 at \*13 (W.D.N.Y. Dec. 18, 2017); *EEOC v. Kelly Drye & Warren, LLP*, No. 10 Civ. 655, 2011 U.S. Dist. LEXIS 80667 at \* 9, 2011 WL 3163443 (S.D.N.Y. July 25, 2011). Thus, the seventh affirmative defense is insufficient as a matter of law.

"If a court determines that a defense is legally insufficient, the court next determines whether inclusion of the defense would prejudice the plaintiff." *EEOC v. UPS*, No. 15-CV-4141 (MKB) (CLP), 2017 U.S. Dist. LEXIS 101564 at \* 49, 2017 WL 2829513 (E.D.N.Y. June 29, 2017) (citing *Coach, Inc.,* 756 F. Supp. 2d 425). Absent a showing of prejudice, Plaintiff's motion must be denied. *See County Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 153 (S.D.N.Y. 2002) (citing *American Mach. & Metals, Inc. v. De Bothezat Impeller Co.*, 8 F.R.D. 306, 308, 09 (S.D.N.Y.1948) (denying a motion to strike on the ground that the moving party failed to allege "that it would be prejudiced were the attacked allegations permitted to remain")); *see also Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) ("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."); 2-12 Moore's Federal Practice - Civil § 12.37 ("To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [moving party].").

In this matter, Plaintiff argues that inclusion of this affirmative defense will require it to litigate a legally insufficient defense which by itself constitutes prejudice. Pl. Reply at 2. When considering the sufficiency of the defense under the third prong of the analysis, "increased time

12

and trial may constitute sufficient prejudice to warrant granting [a motion to strike]." *Coach,*

*Inc.,* 756 F. Supp. 2d at 425 (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D.

269, 272 (S.D.N.Y.1999)).  However, "mere assertions by the moving party that he is prejudiced

are insufficient." *United States v. Grimmel Indus., LLC*, No. 1:16-CV-1103 (NAM/CFH), 2018

U.S. Dist. LEXIS 131455, 2018 WL 3730856 (N.D.N.Y. Aug. 6, 2018).  Plaintiff has failed to

do more than merely assert it will be prejudiced, thus striking the seventh affirmative defense is

not warranted at this time.  Accordingly, the undersigned respectfully recommends that

Plaintiff's motion to strike the seventh affirmative defense be denied with leave to refile in the

event prejudice can be alleged.

   4. **Eighth Through Twelfth and Fifteenth Affirmative Defense**

     Plaintiff argues that affirmative defenses eight through twelve and fifteen should be

stricken because they are redundant and are not affirmative defenses at all but rather general

denials.  Pl. Mem. at 13; Pl. Reply 9.   According to Defendant, these affirmative defenses are

valid affirmative defenses and even if they are not, courts in this Circuit have held that absent

prejudice, defenses in the form of general denials need not be stricken.  Def. Mem. at 11.

     "If an argument can at most 'negate an element of the plaintiff's claim, it is not

appropriately considered an affirmative defense.'" *Sesto v. Slaine*, 171 F. Supp. 3d 194, 206

(S.D.N.Y. 2016) (quoting *Etienne v. Wal-Mart Stores, Inc.,* 197 F.R.D. 217, 221 (D. Conn.

2000)); *see also Allstate Ins. Co. v. A & F Med. P.C.*, No. 14-CV-6756 (JBW); 15-CV-3639

(JBW), 2017 U.S. Dist. LEXIS 62827 (E.D.N.Y. Apr. 24, 2017) (an averment that negates an

element of a claim is not properly considered an affirmative defense); *Thomas,*  2009 U.S. Dist.

LEXIS 11109 ("[I]t is improper to assert something as an affirmative defense that is nothing

13

more than a denial of an allegation contained in the complaint." (citations omitted)).  Each of the

challenged affirmative defenses fall squarely within this definition.[4]

"The proper remedy, however, is not to strike the averment, but rather to treat it as a

specific denial." *Etienne v. Wal-Mart Stores, Inc.,* 197 F.R.D. 217 at * 221(D. Conn. Nov. 14,

2000) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil §

1269 (2d ed.1990)); *see also Sesto*, 171 F. Supp. 3d at 206 ("The correct remedy, however, is not

to strike the averment, but rather to treat it as a specific denial") (internal quotation omitted);

*Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 16 Civ. 2767 (GBD) 16 Civ. 2787 (GBD),

2016 U.S. Dist. LEXIS 165511, 2016 WL 6906583 (S.D.N.Y. Nov. 21, 2016) (denying motion

to strike affirmative defenses that seek to negate an element of a claim and rather treating them

as specific denials); *see also Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489–90

(S.D.N.Y.2008) ("There is nothing dumber than a motion to strike boilerplate affirmative

defenses; it wastes the client's money and the court's time.").

Accordingly, the Court respectfully recommends that Plaintiff's motion to strike

affirmative defenses eight through twelve and fifteen be denied.


**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date

below.  Any objections to this Report and Recommendation must be filed with the Clerk of the

Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file

---

[4] For example, the tenth affirmative defense, "Plaintiff cannot establish a prima facia case" is a "boilerplate defense" analogous to a general denial and does not prejudice plaintiffs.  *Figueroa v. RSquared NY, Inc.*, 14-cv-4390 (ADS)(ARL), 2015 U.S. Dist. LEXIS 83416 at * 8 (E.D.N.Y. June 26, 2015).

14

objections within this period waives the right to appeal the District Court's Order.  See 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v.*

*Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).


Dated:  Central Islip, New York
        December 13, 2018

                                    _____/s/_____
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge