IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : : | CIVIL ACTION NO. 17-CV-04745 (DRH) (ARL) |
| Plaintiff, | : : | |
| v. | : : : | |
| A & F FIRE PROTECTION CO., INC. | : : | |
| Defendant. | : : | |

**CONSENT DECREE**

1.    This cause of action was initiated on August 14, 2017 by the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, to correct and redress the discriminatory treatment of black and Hispanic employees and the retaliatory actions taken against employees who complained of and/or refused to engage in discriminatory conduct. EEOC alleged that A & F Fire Protection Co., Inc. discriminated against Timothy Hames, Ricardo Nunez, John Webster, Ramon Luciany, and other aggrieved black and Hispanic employees (collectively "Aggrieved Individuals") because of their race or national origin by subjecting them to race and national origin-based harassment—including slurs such as "nigger" and "spic"—thereby creating and maintaining a hostile work environment because of their race or national origin in violation of Title VII.[1]  EEOC further alleged that A & F Fire Protection Co., Inc. violated Title VII by retaliating against Nunez by discharging him for filing an EEOC Charge of Discrimination, and by retaliating against Hames by constructively discharging him for

---

[1] EEOC no longer seeks relief on behalf of Mr. Luciany.

engaging in protected activity and for resisting A & F Fire Protection Co., Inc.'s attempted termination of employees who had filed EEOC Charges.

2. The parties desire to settle this action and stipulate to the entry of this Decree as final and binding between the parties. A & F Fire Protection Co., Inc. denies all allegations in the Complaint in this action.

3. The terms of this Decree are and shall be binding on A & F Fire Protection Co., Inc.'s present and future owners, directors, officers, managers, agents, successors, assigns, subsidiaries, affiliates and any other corporation or other entity into which A & F Fire Protection Co., Inc., may merge, or with which A & F Fire Protection Co., Inc. may consolidate.

4. Prior to any sale or other transfer of all or a substantial portion of A & F Fire Protection Co., Inc.'s business or A & F Fire Protection Co., Inc.'s assets, it shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser, potential transferee, or other potential successor, including any entity with which Defendant may merge or consolidate. Defendant will provide written notice to the EEOC thirty (30) days before any such sale or transfer of all or a substantial portion of its business or assets.

5. This Consent Decree resolves the claims raised in EEOC Charge Numbers 520-2014- 03754 (Nunez), 520-2015-00426 (Hames), 846-2014-16770 (Webster), and 520-2015-01495 (Luciany), and the claims asserted in the Complaint in this action on behalf of a class of black and Hispanic employees who, from 2013 to the present, were subjected to race and national origin-based harassment that created a hostile work environment. This Decree does not resolve any other claim or any charge of discrimination other than Charge Numbers 520-2014-03754 (Nunez), 520-2015-00426 (Hames), 846-2014-16770 (Webster), 520-2015-01495 (Luciany), and the claims asserted in the Complaint in this action on behalf of a class of black and Hispanic employees who, from 2013 to the present, were subjected to race and national origin-based

harassment that created a hostile work environment. It does not resolve any other charge that may be filed after the date of execution of the Decree.

   6.  The terms of this Consent Decree represent the full and complete agreement of the parties. The parties agree that this Consent Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

   7.  The parties agree that breach of any term of this Decree by A & F Fire Protection Co., Inc. will be deemed a substantive breach.

   8.  If the EEOC believes that A & F Fire Protection Co., Inc. has failed to comply with any provision(s) of the Decree, the EEOC shall notify A & F Fire Protection Co., Inc. of the alleged non-compliance within a reasonable time period, and shall afford A & F Fire Protection Co., Inc. ten (10) business days to remedy the non-compliance or satisfy the EEOC that A & F Fire Protection Co., Inc. has complied. If A & F Fire Protection Co., Inc. has not remedied the alleged non-compliance or satisfied the EEOC that it has complied within ten (10) business days, the EEOC may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate. If the EEOC determines that waiting ten (10) business days will result in immediate harm to the public interest, it may apply to the Court for relief without waiting ten (10) business days. The terms of this Decree will remain in effect while any motion alleging non-compliance is pending before the Court, provided that EEOC notified A & F Fire Protection Co., Inc. of the alleged non-compliance before the expiration of the Decree. Absent a pending motion or as otherwise required by law, the parties' obligations under the Decree will end when the Decree expires as set forth in Paragraph 13.

   9.  The EEOC and A & F Fire Protection Co., Inc. agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and all

administrative prerequisites have been met. No party will contest the validity of this Decree or the jurisdiction of the Court to enforce this Decree.

  10. Nothing in this Consent Decree will be construed to limit or in any way reduce A & F Fire Protection Co., Inc.'s obligation to comply with the statutes enforced by the EEOC.

  11. In consideration of the mutual promises of the parties to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, and the Court finds appropriate, and it is therefore **ORDERED, ADJUDGED AND DECREED** that:

**A.** **Injunction Against Discrimination and Retaliation**

  12. A & F Fire Protection Co., Inc. is hereby enjoined from:

   (a) discriminating against any individual because of the individual's race or national origin and from creating, maintaining or permitting a racially hostile work environment by:

    (i) permitting or tolerating the use of racial slurs, insults, and/or stereotypes at the workplace, at work sites, or in any manner touching upon or affecting employees or potential employees; or

    (ii) treating employees differently in any of the terms or conditions of their work because of the employees' race and/or national origin, including work assignments, van assignments, and compensation; and

   (b) retaliating against any individual for asserting her or his rights under Title VII or otherwise engaging in protected activity, including individuals who complain about, object to, and/or refuse to participate in discriminatory conduct, by:

    (i) retaliating against the Aggrieved Individuals, including retaliating against any individual for asserting her or his rights under Title VII or otherwise engaging in protected activity, for filing a charge, complaining about or reporting discrimination or retaliation, providing testimony or assistance with the investigation of the charges or this litigation, or opposing discriminatory conduct; or

    (ii) providing a negative review of an employee's job performance, a negative or unflattering job reference to a union and/or an outside employer or contractor, or permitting, suggesting, encouraging, or otherwise tolerating such reviews and/or references that are motivated by and/or intended to harm the employee's opportunities

for advancement or hire because the employee engaged in a protected activity.

**B.     Term of the Decree**

13.     This Consent Decree will remain in effect for a period of three (3) years from the date that it is entered by the Court ("Term").  Upon entry of this Decree, this case may be administratively closed but will not be dismissed. Within fourteen (14) days of the expiration of the Term of the Decree and provided no motions for non-compliance are pending, the parties shall file a Stipulation of Dismissal with Prejudice.

**C.     Severability**

14.     If one or more provisions of this Decree are rendered or determined unlawful or unenforceable as a result of a legislative act or a decision of a court of competent jurisdiction, the provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the Decree would be undermined.

**D.     Notices**

15.     Except as otherwise provided for in this Decree, all notifications, reports and communications to the parties required under this Decree will be made in writing and will be sufficient as hand-delivered, emailed, or sent by express, certified or registered mail to the following persons (or their designated successors):

For the EEOC:

>     Rosemary DiSavino
>     Senior Trial Attorney
>     Two Gateway Center, Suite 1703
>     283-289 Market Street
>     Newark, N.J. 07102
>     rosemary.disavino@eeoc.gov

      and      decreemonitor.nydo@eeoc.gov

For A & F Fire Protection Co., Inc.:

      Kenneth Fulep, President
      A&F Fire Protection Co., Inc.
      90 Otis Street
      W. Babylon, NY 11704

With a copy to    Ana Getiashvili, Esq.
      Meltzer, Lippe, Goldstein & Breitstone, LLP
      190 Willis Avenue
      Mineola, NY 11501
      agetiashvili@meltzerlippe.com

16. A party may change the address to which notice must be sent by providing written notice to the other party that sets forth a new address for this purpose.

**E.     Notice of Resolution**

17. Within 14 days of the entry of this Decree, A & F Fire Protection Co., Inc. will conspicuously post and maintain a "Notice of Resolution" regarding this lawsuit on the EEOC letterhead (attached as Exhibit A), in all of its offices and shops in all prominent places including but not limited to where other employee notices are posted. This Notice will remain posted for the Term of this Consent Decree.

18. A copy of the Notice of Resolution (Exhibit A) will be distributed to every applicant for employment at A & F Fire Protection Co., Inc. during the application process. Applicants will be instructed by A & F Fire Protection Co., Inc. to read the notice (Exhibit A) and will be given time to read the notice during the application process. The notice will be provided in English and Spanish.

19. A & F Fire Protection Co., Inc. will provide a copy of the Notice of Resolution (Exhibit A) to all current employees by either issuing it along with each employee's paycheck or by sending via regular mail for the first payroll cycle following the entry of this Decree. A&F Fire Protection Co., Inc. may also distribute the Notice of Resolution by hand delivering same to

all current employees within 14 days of the entry of this Decree. The notice will be provided in English and Spanish.

**F.     EEO Posters**

20.     A & F Fire Protection Co., Inc. will post and maintain EEO posters in places visually accessible to applicants and employees as required by federal regulations.

**G.     Required Content of Policies and Procedures**

21.     Within fourteen (14) days of the entry of this Decree, A & F Fire Protection Co., Inc. will adopt and adhere to an anti-discrimination policy which will contain at least the following elements and, although the EEOC's review of the policy does not constitute a representation by the EEOC that A & F Fire Protection Co., Inc. is compliant with federal anti-discrimination laws, A & F Fire Protection Co., Inc. will provide the proposed policy to the EEOC for review before this Decree is finalized:

(a)     a definition describing discrimination in a manner consistent with the requirements of Title VII, including but not limited to a specific reference to maintain a workplace that is free of racial slurs and bias;

(b)     a clear, unambiguous prohibition of discrimination because of race and national origin, and a statement that such conduct violates the law and company policy;

(c)     a statement that all employees, regardless of level, are responsible for implementing the policy and for cooperating fully in its enforcement;

(d)     a statement that it is the duty of all supervisors and all management officials who receive a complaint of discrimination to report the complaint to the appropriate personnel;

(e)     a statement that it is the duty of all supervisors and management officials to monitor the workplace for discrimination and that if they suspect that such conduct has taken place, even if the discrimination originates from an outside vendor or client, it is their duty to report it to the appropriate personnel;

(f)     a statement that employees, job applicants, and prospective job applicants will not be subjected to retaliation for reporting suspected discrimination;

7

  (g) a statement that reports of discrimination and investigations of those reports will be kept confidential by those charged with receiving and/or investigating such reports unless disclosure is required for investigation or by law;

  (h) a statement that all reports will be investigated promptly and impartially by the appropriate personnel;

  (i) a description of the investigation procedure, including a timeframe for completion of the investigation;

  (j) a statement warning that persons who engage in, ratify, or perpetuate discrimination will be subject to disciplinary action, up to and including immediate discharge;

  (k) a statement that employees and applicants have a right to report practices that they believe to be unlawful discrimination to government agencies, including the EEOC, which is the agency of the United States Government that enforces federal laws prohibiting employment discrimination and investigates reports of such discrimination;

  (l) a statement that the complainant will be informed when the investigation is complete and any action taken as a result of the investigation.

**H. Issuance of Policies and Procedures**

22. A & F Fire Protection Co., Inc. will issue its Policy on Discrimination in Employment (Exhibit B) to all employees within thirty (30) days of the entry of this Decree along with a letter from A & F Fire Protection Co., Inc.'s Owner/President affirming its commitment to maintaining a work environment free of discrimination, hostile work environment, and retaliation (Exhibit C). A & F Fire Protection Co., Inc. will provide all new employees with copies of the Owner/President's letter and the Policy on Discrimination in Employment within seven (7) days of the commencement of their employment.

**I. Appointment of EEO Coordinator**

23. Within fourteen (14) days of the entry of this Decree, A & F Fire Protection Co., Inc. will appoint an Equal Employment Opportunity (EEO) Coordinator, Richard Armellino. Should Richard Armellino cease to serve in the position of EEO Coordinator for any reason, an

attorney from Meltzer, Lippe, Goldstein & Breitstone, LLP will provide, within fourteen (14) days of his successor's hire, an Attorney Certification to the EEOC certifying that the individual assuming the role of EEO Coordinator has obtained (1) a bachelor's degree or higher in a Human Resources-related field or at least five years' experience as a Human Resources professional, and (2) at least thirty hours of training specific to equal employment opportunity issues, including federal anti-discrimination law and appropriate investigation practices and techniques.

**J.      Responsibilities of EEO Coordinator**

    24.     The EEO Coordinator is to have day-to-day responsibility for:

        (a)     promoting A & F Fire Protection Co., Inc.'s compliance with anti-discrimination laws, A & F Fire Protection Co., Inc.'s policies and procedures prohibiting employment discrimination, hostile work environment, and retaliation, and this Decree, and ensuring that racial slurs are not spoken in the workplace and that the terms and conditions of employment, including work hours and work assignments, are not influenced by an employee's race or national origin;

        (b)     arranging for training of all employees as required by this Decree;

        (c)     ensuring that all notices and postings required by this Decree are issued and maintained as required by this Decree;

        (d)     receiving, investigating, and resolving reports, complaints and allegations of race or national origin discrimination, hostile work environment, and retaliation, including the use of racial slurs and differential treatment based on race or national origin. The EEO Coordinator will be responsible for investigating and resolving such reports, complaints and allegations, including providing appropriate remedial relief to employees who are found to have been subjected to race or national origin discrimination, hostile work environment, or retaliation and imposing appropriate discipline on employees who are found to have engaged in such discrimination or retaliation. The EEO Coordinator will ensure that reports, complaints and allegations of discrimination, hostile work environment, and retaliation are investigated and resolved in a manner that complies with federal anti-discrimination laws and this Consent Decree;

        (e)     maintaining records required by anti-discrimination laws and this Consent Decree and forwarding reports and records to EEOC as required by this Decree; and

    (f)  regularly attending training and taking other steps, including membership in professional organizations, to keep abreast of developments in federal anti-discrimination laws.

  25.  Within fourteen (14) days of the entry of this Decree, A & F Fire Protection Co., Inc. will establish and maintain an extension from A & F Fire Protection Co., Inc.'s main office telephone number answered by the EEO Coordinator, for reporting suspected race or national origin discrimination, hostile work environment, or retaliation.

  26.  A & F Fire Protection Co., Inc. will give its full cooperation to the EEO Coordinator in the performance of the EEO Coordinator's responsibilities under this Decree and will pay all costs, fees, and expenses of the EEO Coordinator related to the performance of his/her EEO Coordinator duties at A&F Fire Protection Co., Inc. A & F Fire Protection Co., Inc. will give the EEO Coordinator full access to A & F Fire Protection Co., Inc.'s offices, managers, supervisors, forepersons, employees, vendors, contractors, and documents and records related to the performance of the EEO Coordinator's responsibilities under this Decree. A & F Fire Protection Co., Inc. and its officers, managers, supervisors and forepersons will immediately inform the EEO Coordinator of any complaints, allegations, reports, or suspected incidents of race discrimination, national origin discrimination, hostile work environment, or retaliation.

**K.**  **Training**

  27.  Within sixty (60) days of the entry of this Decree and then on an annual basis thereafter, A & F Fire Protection Co., Inc. must provide all of its non-supervisory employees with no fewer than three (3) hours of live training in federal laws prohibiting discrimination in employment. The training must address A & F Fire Protection Co., Inc.'s policies and procedures prohibiting employment discrimination, including policies and procedures prohibiting race and national origin discrimination, hostile work environment, and retaliation, and will describe the methods for reporting known or suspected unlawful incidents. The training must also address

how A & F Fire Protection Co., Inc. will investigate reports, complaints, or allegations of suspected race or national origin discrimination, hostile work environment, or retaliation, and A & F Fire Protection Co., Inc.'s policies and procedures for resolving such complaints.  The training will review non-discriminatory and inclusive methods of creating and maintaining a non-discriminatory work environment.  The training must identify the EEO Coordinator, explain the responsibilities of the EEO Coordinator, and identify the telephone number that can be used to report suspected incidents of race and national origin discrimination, hostile work environment, and retaliation.  New employees hired in between the annual live training sessions will be provided written training materials.

28. Within sixty (60) days of entry of this Decree and then on an annual basis thereafter,  A & F Fire Protection Co., Inc. must provide all of its owners, officers, supervisory employees (defined as field superintendents, shop superintendents, head(s) of engineering, and office manager(s)), EEO Coordinator, and persons having human resources functions with no fewer than three (3) hours of training in laws prohibiting employment discrimination.  The training will cover A & F Fire Protection Co., Inc.'s policies and procedures prohibiting discrimination, including hostile work environment, and retaliation, its complaint and investigation procedures, and its disciplinary policy for employees who engage in discriminatory or retaliatory behavior.  The training must identify the EEO Coordinator, explain the responsibilities of the EEO Coordinator, and identify the telephone number that can be used to report discrimination, hostile work environment, or retaliation.  The training must instruct the attendees that if they learn of or see possible incidents or reports of discrimination, hostile work environment, or retaliation, they are required to immediately report it to the EEO Coordinator.  This training will have a special emphasis on laws prohibiting race discrimination and national origin discrimination, hostile work environment, and retaliation.  The training will address issues

11

of stereotypes and biases against African Americans and persons of Hispanic descent, emphasizing both that stereotypes and biases may not be used as a basis for employment decisions and the harmful effects of racial slurs, insults and derogatory comments. The training will also stress non-discriminatory means by which A & F Fire Protection Co., Inc. must give work assignments, and that A & F Fire Protection Co., Inc. has a legal obligation to ensure that work assignments are made without regard to race or national origin. The training must stress that A & F Fire Protection Co., Inc. has a legal obligation to take appropriate steps to prevent race discrimination, national origin discrimination, hostile work environment, and retaliation, and to take prompt remedial measures if it occurs. The training will stress that owners, officers, supervisory employees, the EEO Coordinator, and human resources personnel must set the tone for enforcement of A & F Fire Protection Co., Inc.'s policies and procedures and that they must be especially careful not to engage in race, national origin discrimination, hostile work environment, or retaliation. The training will confirm that A & F Fire Protection Co., Inc. has a zero tolerance policy for such conduct, and that individuals who engage in discrimination, hostile work environment, or retaliation will be disciplined. A & F Fire Protection Co., Inc. must also provide this training to all newly hired officers and supervisory employees within sixty (60) days of the date the employee assumes such managerial or supervisory responsibilities.

29. At least thirty (30) days prior to any scheduled training under this Section, A & F Fire Protection Co., Inc. will provide the EEOC notice of the date, time, and location of the scheduled training. The EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide recommendations to be implemented by the trainer.

30. All training described in this section will be provided by Meltzer, Lippe, Goldstein & Breitstone, LLP using training materials that have been reviewed and approved by EEOC at least fifteen (15) days before the training. Reference to the training in this Decree is not a

representation by EEOC that A & F Fire Protection Co., Inc. has been or currently is in compliance with federal anti-discrimination laws.

31. A & F Fire Protection Co., Inc. will maintain documentation regarding all trainings described in this section, including copies of all training materials presented and signed attendance lists which provide the name and job title of all attendees. Within fourteen (14) days of each initial training, an attorney from Meltzer, Lippe, Goldstein & Breitstone, LLP who conducted the training will submit an Attorney Certification to the EEOC certifying that the training and the contents thereof were in compliance with this Consent Decree and attaching a copy of the signed attendance lists. For each training held annually thereafter, the Attorney Certification and copy of signed attendance lists will be included with the next Semi-Annual Report, as described in Section L of this Decree.

32. Within sixty (60) days of the entry of this Decree and then on an annual basis thereafter, A & F Fire Protection Co., Inc. must convene a meeting of at least one (1) hour, to be attended by its Owner/President, EEO Coordinator, shop superintendent, field superintendents, and an attorney from Meltzer, Lippe, Goldstein & Breitstone, LLP, during which they will discuss how the policies, procedures, and workplace culture of A & F Fire Protection Co., Inc. could be improved to best promote the anti-discrimination and anti-retaliation goals of Title VII. Within fourteen (14) days of the first meeting conducted pursuant to this paragraph, an attorney who attended the meeting will submit an Attorney Certification to the EEOC certifying that meeting occurred in compliance with this Consent Decree and attaching a copy of the signed attendance lists. For each meeting held annually thereafter, the Attorney Certification and copy of signed attendance lists will be included with the next Semi-Annual Report, as described in Section L of this Decree.

**L.     Monitoring and Reporting**

33.     The EEOC may monitor A & F Fire Protection Co., Inc.'s compliance with the Consent Decree through inspection of A & F Fire Protection Co., Inc.'s premises and records, and interviews with employees, provided the EEOC provides A&F Fire Protection Co., Inc. with reasonable notice, but no less than five (5) business days advance notice of any such visit, unless the EEOC determines that waiting five business days will result in immediate harm to the public interest.

34.     Within thirty (30) days of the entry of this Decree, A & F Fire Protection Co., Inc. must send written verification to EEOC by a person with personal knowledge that (1) the EEOC poster and Exhibit A have been posted and remain posted in accordance with Sections E and F of this Decree, and (2) copies of the Owner/President's letter and the Policy on Discrimination in Employment were issued to employees in accordance with Section H of this Decree.

35.     A & F Fire Protection Co., Inc. shall furnish to the EEOC a written report semi-annually ("Semi-Annual Report").  The first Semi-Annual Report shall be due six (6) months after the entry of this Decree.  Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree.  The Semi-Annual Report will contain:

   (a)   a certification by A & F Fire Protection Co., Inc. that, during the entire six (6) month period preceding the Semi-Annual Report, it has complied with all of the provisions of Section E (Notice of Resolution), Section F (EEO Posters), Section H (Issuance of Policies and Procedures), and Section J (Responsibilities of EEO Coordinator);

   (b)   the Attorney Certification and signed attendance lists for any annual trainings or meetings held pursuant to Section K of this Decree since the last such certification; and

   (c)   a written report to the EEOC with information regarding any verbal or written complaints from employees or applicants alleging race or national origin discrimination or retaliation for making such complaints or otherwise engaging in protected activity, which were received, open or resolved

14

during the preceding six (6) months. The report will include the name of the complainant, the name of the alleged harasser or discriminator, a list of each step taken by A & F Fire Protection Co., Inc. during the investigation, a summary of the complaint, the location, the results of any investigation of the complaint, and any remedial action taken by A & F Fire Protection Co., Inc.

**M.     Record Retention**

36.     A & F Fire Protection Co., Inc. agrees to maintain such records as are necessary to demonstrate its compliance with the Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to the Decree are accurate.

37.     For the Term of the Decree, and for 3 years following the Term of the Decree, A & F Fire Protection Co., Inc. will retain all records relating to complaints of discrimination, hostile work environment, and/or retaliation including but not limited to all records relating to the investigation and remediation of such complaints.

**N.     Monetary Relief for Class Members**

38.     A & F Fire Protection Co., Inc. shall pay a total of $407,500.00 to the Aggrieved Individuals in the form and amounts as the EEOC shall, in its sole discretion, specify to A & F Fire Protection Co., Inc. in writing, and which EEOC will file under seal as Exhibit E. Within thirty (30) days of the entry of this Decree, the EEOC will provide to A & F Fire Protection Co., Inc., for each Aggrieved Individual, a signed release and verification of Medicare beneficiary status, an unsigned copy of which is attached as Exhibit D.

39.     A & F Fire Protection Co., Inc shall make the payments within thirty (30) days of the entry of this Decree, by Certified Mail, to the Aggrieved Individuals, using addresses supplied by the EEOC. The failure to make the payments within the specified time period will constitute a breach of the Decree.

40.     A & F Fire Protection Co., Inc. will make all required withholdings from the portions of the payments representing back pay for applicable federal, state, and local income

taxes and the employee share of federal payroll taxes. A & F Fire Protection Co., Inc. will be responsible for (and may not deduct from the Payments to the Aggrieved Individuals) any tax obligation A & F Fire Protection Co., Inc. incurs as a result of these payments, including the employer's share of federal payroll taxes. A & F Fire Protection Co., Inc. will issue IRS Form W-2 to the Aggrieved Individuals for the portions of the payments representing lost wages or back pay, and IRS Form 1099 for the portions of the payments representing damages. When it makes the payments, A & F Fire Protection Co., Inc. will also issue to the Aggrieved Individuals a statement identifying the nature and amount of each withholding.

41. A & F Fire Protection Co., Inc. shall send copies of the checks, W-2 and 1099 forms, withholding statements, and return receipts to EEOC c/o Rosemary DiSavino, Senior Trial Attorney, EEOC, Two Gateway Center, Suite 1703, 283-289 Market Street, Newark, N.J. 07102, simultaneously with Defendant's delivery to the Aggrieved Individuals.

42. Within thirty (30) days after issuance, if any funds remain unclaimed, are returned for any reason, or are unable to be accepted by the person designated to receive them, A & F Fire Protection Co., Inc. shall promptly notify the EEOC and such funds shall be distributed in amounts and to other Aggrieved Individuals as determined solely by the EEOC.

**O.     Miscellaneous Provisions**

43. Each party shall bear its own expenses, attorneys' fees, and costs.

44. When this Decree requires a certification by A & F Fire Protection Co., Inc. of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of A & F Fire Protection Co., Inc.

**P. Signatures**

45. Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the parties on whose behalf each signs.

Dated: **04/17**, 2019                    Dated: **APRIL 17**, 2019

EQUAL EMPLOYMENT OPPORTUNITY            A & F FIRE PROTECTION CO., INC.
COMMISSION

*/s/ Jeffrey Burstein*                  */s/ Kenneth Pulep*

Jeffrey Burstein                        Kenneth Pulep
Regional Attorney                       President
New York District Office                A & F Fire Protection Co., Inc.
33 Whitehall Street, 5th Floor          90 Otis Street
New York, New York, 10004               W. Babylon, NY 11704
(212) 336-3770


**SO ORDERED, ADJUDGED AND DECREED** this ____ day of _____, 2019.


_____
United States District Judge

17